## GUS JACKSON V. THE STATE.

### No. 1240.   Decided February 10th, 1897.

### 1.  Plea of Former Jeopardy—Sufficiency of.

Where a plea of former jeopardy is predicated upon the fact, that the former prosecution was dismissed over objection of defendant on motion of the prosecuting attorney, after the parties had announced ready for trial; the plea, to be sufficient, should contain the motion of the prosecuting attorney to dismiss the case and the judgment thereon.

### 2.  Same—Defective Indictment.

A plea of former jeopardy is not maintainable where the former indictment was fatally defective, and, after it was discovered to be defective, the prosecuting attorney was permitted to nolle pross the case before trial upon the merits.

APPEAL from the Criminal District Court of Dallas.   Tried below before Hon. CHARLES F. CLINT.

Appeal from a conviction for burglary; penalty, three years' imprisonment in the penitentiary.

There is no statement of facts nor bill of exceptions in the record. The question is as to the action of the court below in striking out defendant's "plea of jeopardy."

[No briefs for either party have come to the hands of the Reporter.]

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Appellant was convicted of burglary, and given three years in the penitentiary, and appeals.   There are eleven grounds set out in the motion for a new trial, specifying the supposed errors of the court committed upon the trial.   They relate to the testimony, in one form or another—either in its admission or rejection, or the application of the law thereto in the charge of the court.   There is no statement of facts or bill of exceptions in the record.   The charge of the court is applicable to a state of case that might be proved under the allegations in the indictment.   The appellant in the court below filed what is termed a "plea of jeopardy."   This plea contains a defective indictment, and it is also alleged that the court, after the parties had announced "ready for trial," and during the investigation of the case, permitted the County Attorney to dismiss the prosecution, for the reason that the indictment was defective in failing to positively negative the consent of the alleged owners; but the plea does not contain either the motion of the County Attorney to dismiss the case, or the judgment of the court thereon.   These matters, if they occurred, were a part and parcel of that record.   The order on the motion to dismiss formed a part of the minutes of the court, and should have constituted a portion of this plea.   They were not incorporated in the motion.   They are not in this record, or in any way connected with said plea, either as a part thereof or as exhibits thereto.   This plea of jeopardy was stricken out

by the court on motion of the County Attorney.    There was no error in this ruling.    Concede the plea of the defendant is true—that the indictment was fatally defective, and that the first prosecution was nolle prossed because of this defect; was the accused, under such a state of case, in jeopardy?    He was not.    This plea does not present a case in which the appellant was tried upon the merits, and acquitted or convicted, under a defective indictment, but simply that when the indictment was discovered to be defective a nolle prosequi was entered.    This was correct practice.    There was no jeopardy in the case.    We are not discussing a case in which the jury had been empaneled and sworn, and a plea for the defendant had been entered, and a nolle prosequi entered on a good indictment.    The judgment is affirmed.

*Affirmed.*